IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01793-MSK-PAC

HOPE SCHWAB,

    Plaintiff,

v.

KIDS' FINANCIAL INC., d/b/a C.A.R. Finance,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM

THIS MATTER comes before the Court on the Plaintiff's Motion to Dismiss Defendant's Counterclaim **(#10)** filed November 3, 2006. The Defendant did not respond to the motion. Having considered the motion, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the pending motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

The Plaintiff, Hope Schwab, asserts a single claim against the Defendant, Kids' Financial Inc., for an alleged violation of the Equal Credit Opportunity Act. The claim is premised upon the Defendant's denial of the Plaintiff's application for credit in conjunction with the purchase of an automobile from Kids Automotive, Inc.

With its Answer, the Defendant filed a Counterclaim for breach of contract. It alleges that

the Plaintiff breached her contract with Kids Automotive, Inc. when she allegedly failed to provide complete and truthful information regarding her financial condition and residential address. The Defendant contends that based upon the Plaintiff's conduct, it was required to repossess the vehicle.

The Plaintiff moves to dismiss the counterclaim on the basis that the Defendant was not a party to the contract. She contends that the contract was between herself and Kids Automotive, Inc., not between herself and Kids' Financial Inc. She thus contends that the Defendant lacks standing to sue on the contract.

### III. Issue Presented

The issue presented is whether the Defendant, Kids' Financial Inc., has standing to sue on a contract entered into between the Plaintiff and Kids Automotive, Inc.

### IV. Analysis

The Plaintiff filed her motion pursuant to Fed. R. Civ. P. 12(b)(1). Pursuant to this rule, a party may move to dismiss claims over which the Court lacks subject matter jurisdiction. Rule 12(b)(1) motions generally take one of two forms. *See Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001). The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *See Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003). Here, the challenge is a facial one, and it is as to the Defendant's standing to assert a counterclaim.

At a constitutional minimum, standing requires that: (1) the party asserting a claim must

have suffered an injury in fact to a legally protected interest which is both "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical;'" (2) there must be a causal connection between the conduct of which the party complains and the injury alleged to have occurred; and (3) it must be likely that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

The parties to this lawsuit are Hope Schwab and Kids' Financial Inc. Kids Automotive, Inc., is not a party to this action. There are no allegations in any pleading which suggest that Kids' Financial Inc. and Kids Automotive, Inc., are the same entity. To the contrary, the Plaintiff alleges in her Complaint that she agreed to purchase a vehicle from Kids Automotive, Inc., and that she applied for credit from a third party lender. In short, the allegations are insufficient to demonstrate that Kids' Financial Inc. has a legally protected interest in the contract between the Plaintiff and Kids Automotive, Inc.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Dismiss Defendant's Counterclaim **(#10)** is **GRANTED**. The Defendants' counterclaim is **DISMISSED**.

Dated this 16th day of March, 2007

                                         **BY THE COURT:**

                                         *Marcia S. Krieger*
                                         _____
                                         Marcia S. Krieger
                                         United States District Judge