IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01793-MSK-KLM

HOPE SCHWAB,

    Plaintiff,

v.

KIDS' FINANCIAL INC., d/b/a C.A.R. Finance,

    Defendant.

---

# ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

---

THIS MATTER comes before the Court on the Plaintiff's Motion for Partial Summary Judgment **(#35)** and supporting brief **(#36)**, to which the Defendant responded **(#55, #56, #57)**, and the Plaintiff replied **(#58)**. Having considered the same, the Court finds and concludes as follows.

## I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1691e(c).

## II. Issue Presented

The Plaintiff, Hope Schwab, commenced this action against the Defendant, Kids' Financial, Inc. d/b/a C.A.R. Finance ("C.A.R. Finance") under the Equal Credit Opportunity Act. She alleges that when she bought a vehicle from Kids Automotive, Inc., she applied for credit from C.A.R. Finance. She alleges that C.A.R. denied her credit application without accurately disclosing the reason for such denial, and that this violated 15 U.S.C. § 1691(d) and Regulation

B, 12 C.F.R. § 202.9(a) and (b)(2). She seeks to recover actual and punitive damages.

Ms. Schwab now moves for partial summary judgment on the issue of liability, only, reserving the issue of damages for trial. She asks the Court to determine <u>only</u> whether C.A.R. Finance denied her credit application in violation of the Equal Credit Opportunity Act.

The issue presented is whether a trial is required on this issue.

### III. Material Facts

**A. Undisputed Facts**

Based upon the evidence submitted by the parties, the Court finds that the undisputed material facts are as follows.

Ms. Schwab bought a vehicle from Kids Automotive. In conjunction with this purchase, she submitted a loan application to C.A.R. Finance on May 6, 2006. C.A.R. Finance sent a form notice to Ms. Schwab on May 9, 2006. The notice contained repeated references to C.A.R. Finance's "credit decision", and stated in pertinent part:

> Thank you for your Application for financing that we received from Kids Automotive. Based upon your Application, we must inform you that regrettably, we are unable to approve your request. Our principal reasons for this decision are based on the follo[wing] . . .
>
> <u>x</u> Other, specify: <u>contact dealership</u> . . .
>
> If you have any questions regarding this notice, you should contact: ~~C.A.R. Finance~~: <u>Kids Auto</u> Telephone Number: 303 ~~733-0000~~ 341-5500

**B. Disputed Facts**

Based upon the evidence submitted by the parties, the Court finds that the following material facts are disputed.

2

It is disputed whether Ms. Schwab's loan application was ever complete. C.A.R. Finance apparently treated the application as complete, because it sent the May 9 notice to Ms. Schwab. However, C.A.R. Finance has submitted evidence[1] that Ms. Schwab's loan application was incomplete because she submitted no paycheck stub to prove her earnings. This is reflected in a "CALLBACK" worksheet dated May 8, 2006. The worksheet also reflects C.A.R. Finance's need to obtain proof of Ms. Schwab's insurance. C.A.R. Finance has also submitted evidence that its representative talked to Ms. Schwab on May 8, 2006 and requested a copy of her paystub and proof as to the amount of rent she pays. C.A.R Finance's evidence also shows that a representative spoke with Ms. Schwab on May 11, 2006 – two days after the May 9 notice – and that Ms. Schwab planned to provide her paystub to C.A.R. Finance on that day.

### IV. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter

---

[1] The Court has not considered the unsigned affidavit of Kristy Beattie.

for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

### V. Analysis

Ms. Schwab, the moving party, bears the burden of proof. For Ms. Schwab to prevail on her claim under the Equal Credit Opportunity Act, the undisputed facts must establish that: (1) Ms. Schwab submitted a completed application to C.A.R. Finance; (2) C.A.R. Finance took an adverse action on her application; and (3) C.A.R. Finance failed to give notice in the manner required by statute. 15 U.S.C. § 1691. If she does so, then C.A.R. Finance must produce evidence which shows that there is a genuine dispute as to a material fact, requiring a trial.

Under the Equal Credit Opportunity Act, when a person applies for credit, the creditor is required to notify the applicant of its decision on the application within 30 days "after receipt of a completed application for credit[.]" 15 U.S.C. § 1691(d)(1). A "completed application" is "an application in connection with which a creditor has received all the information that the creditor

4

regularly obtains and considers in evaluating applications for the amount and type of credit requested[.]" 12 C.F.R. § 202.2(f).

Ms. Schwab has produced evidence that she submitted an application to C.A.R. Finance, and that C.A.R. Finance apparently treated it as a completed application when it sent her the notice on May 9, 2006. However, C.A.R. Finance offered evidence that it did not receive all of the information it needed to consider in evaluating Ms. Schwab's application. In particular, there is evidence that C.A.R. Finance required Ms. Schwab to submit a paystub, proof of the amount of her rent, and also insurance information, before it could approve her application. Thus, there is a dispute as to a material fact, in specific, whether Ms. Schwab submitted a completed application. A trial is therefore required on the issue of liability.

**IT IS THEREFORE ORDERED** that Ms. Schwab's Motion for Partial Summary Judgment **(#35)** is **DENIED**.

Dated this 7th day of February, 2008

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
United States District Judge