IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01793-MSK-KLM

HOPE SCHWAB,

    Plaintiff,

v.

KIDS' FINANCIAL INC., d/b/a C.A.R. Finance,

    Defendant.

## ORDER

THIS MATTER comes before the Court on the Plaintiff's Motion to Strike Affirmative Defense **(#70)**. The Defendant has filed no timely response in opposition. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Procedural Background

The Plaintiff, Hope Schwab, asserts a single claim against the Defendant, Kids' Financial Inc., d/b/a C.A.R. Finance, under the Equal Credit Opportunity Act. She alleges that when she bought a vehicle, the Defendant denied her credit application without specifically disclosing the reason for such denial, and that this violated 15 U.S.C. § 1691(d) and Regulation B, 12 C.F.R. § 202.9(a) and (b)(2). She seeks to recover "actual damages" for out-of-pocket losses, injury to her credit reputation, mental anguish, and embarrassment, as well as punitive damages under 15 U.S.C. § 1691e.

The Court has held two final pretrial conferences in this case. Before the first conference,

the parties submitted a proposed final pretrial order. However, the proposed final pretrial order did not comport with the format specified in the Pre-Trial Preparation and Trial Setting Order **(#15),** and the parties did not attend the conference, as ordered. Therefore, the Court reset the final pretrial conference and gave the parties two weeks to file a new final pretrial order.

Prior to the second final pretrial conference, the Plaintiff filed several documents with the Court – exhibit and witness lists, jury instructions, proposed voir dire questions and a new final pretrial order. The final pretrial order was not signed by the Defendant's attorney and identified no affirmative defenses, and the Defendant filed no other documents.

At the second final pretrial conference, counsel for the Defendant stated he adopted the proposed final pretrial order although he had not signed it. The Court inquired as to why a trial was required in light of the facts stipulated to in the final pretrial order which appeared to address every element of the Plaintiff's claim. The Defendant then expressed its desire to assert a theretofore unstated affirmative defense. The Defendant intended to argue that the parties' actions after the denial of credit excused any violation of the Equal Credit Opportunity Act.

The Plaintiff objected to the affirmative defense as untimely and not cognizable. The Court then gave the parties an additional opportunity to submit a joint final pretrial order and to supplement the filed witness and exhibit lists, proposed *voir dire*, and proposed jury instructions. In addition, the Plaintiff was authorized to file a dispositive motion with regard to the newly identified affirmative defense.

The parties have filed a third proposed Final Pretrial Order, which the Court has issued **(#75)**. It supercedes all prior pleadings. The Defendant's defenses are that: (1) the Plaintiff breached her agreement with the Defendant by failing to provide documentation to support her

initial credit application; (2) the Defendant offered new credit terms to the Plaintiff after denial of her initial application, which she accepted but with which she failed to comply; (3) the Plaintiff failed to mitigate her damages; and (4) the Plaintiff cannot prove willful and wanton conduct entitling her to recover punitive damages.

## II. Motion to Strike

The Plaintiff has filed a Motion to Strike Affirmative Defense **(#70).** The Plaintiff argues that the Defendant's defense that noncompliance with the Equal Credit Opportunity Act was excused by the parties' subsequent conduct is not cognizable.

The Defendant has filed no timely response. Therefore, the Court deems the motion to be confessed. The Defendant may present no argument as to this defense.

The Court notes, however, that the evidence pertinent to this defense – that the parties entered into a subsequent credit transaction after the denial of the Plaintiff's credit application – may be relevant to the defense that the Plaintiff failed to mitigate her damages. Nothing in this Order precludes the Defendant from offering evidence in support of that defense.

## III. Jury Instructions and Verdict Form

In her motion to strike, the Plaintiff also contends that the Defendant has refused to confer as to the proposed jury instructions and verdict form. As a sanction, she requests that her proposed instructions and verdict form be given.

The Defendant has failed on several occasions to file jury instructions. The Court deems this to be a waiver by the Defendant of the opportunity to do so. However, this does not guarantee that the Plaintiff's proposed jury instructions will be used. Prior to the charging conference, the Court will provide counsel with a packet of draft instructions and a verdict form.

During the charging conference, the parties may object to any part of the packet and tender new instructions.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiff's Motion to Strike Affirmative Defense **(#70)** is **GRANTED**. The Defendant is barred from arguing that the parties' conduct after the initial denial of credit excused any noncompliance with the Equal Credit Opportunity Act.

(2) At trial, the parties shall not present evidence of any stipulated facts listed in the Final Pretrial Order.

Dated this 14th day of April, 2008

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge