IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-01793-PAB-KLM

HOPE SCHWAB,

    Plaintiff,

v.

KIDS' FINANCIAL INC.

    Defendant.

_____

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**
_____

This matter comes before the Court on defendant Kids' Financial, Inc.'s renewed motion for judgment as a matter of law and for a new trial [Docket No. 98]. The Court's jurisdiction of this matter is predicated on the existence of a federal question and 28 U.S.C. § 1331.

**I. BACKGROUND**

Plaintiff Hope Schwab brought this action against defendant Kids' Financial, Inc. asserting a single claim: violation of the Equal Credit Opportunity Act (ECOA) and its regulations. *See* 15 U.S.C. § 1691-1691f (2006); Regulation B, 12 C.F.R. § 202.9(a). Section 1691(d) of the ECOA and its regulations require a creditor to give notice to all applicants regarding an adverse action on an application for credit. Accordingly, anyone who has credit denied or revoked must be informed, typically in writing, of the specific reasons for that denial. *See Fischl v. Gen. Motors Acceptance Corp.*, 708 F.2d 143, 146 (5th Cir. 1983).

In the present case, the parties stipulated to or waived many of the requirements of plaintiff's ECOA claim against defendant.  For example, the parties explicitly stipulated to the following facts: defendant was a creditor; plaintiff was an applicant for credit; defendant denied plaintiff's application for credit; and defendant sent plaintiff a denial of credit letter.  *See* Final Pretrial Order [Docket No. 75] at 2; Pl.'s Trial Ex. 19.  Defendant's stipulations, at times, appeared to go even further.  For example, at the January 21, 2009 Trial Preparation Conference, the Court inquired of the defendant, "Well, is the defendant going to argue liability?."  Defendant responded,

> I don't think you can, to be honest.  There is no authority, and that was one of the issues I confronted when I was trying to figure out what to do with the motion to strike affirmative defenses, that it's a quasi-strict liability statute, basically, and I think the plaintiff's argument is correct on that.  So it's really damages they are going to present the letter and then it's this question of mitigation and what are plaintiff's damages.

However, based on the Final Pretrial Order, one element of plaintiff's ECOA claim potentially remained for trial: whether defendant provided plaintiff with written notice of the specific reasons for the adverse action taken upon her credit application.  *See* Final Pretrial Order at 2.

Defendant also failed to properly raise or pursue a number of other potential issues in this case.  For example, although defendant at one point asserted as a defense plaintiff's own alleged noncompliance with the ECOA, an objection to that defense was deemed confessed and the defense barred due to defendant's failure to respond [Docket No. 76].  Defendant also appears to have contemplated, but

abandoned for one reason or another, various other defenses.[1]  *See, e.g.*, Def. C.A.R. Finance's Br. in Resp. to Pl.'s Mot. for Partial Sum. J. [Docket No. 55]; Final Pretrial Order.

Trial in this case commenced on February 2, 2009.  At the close of defendant's case, the Court ruled from the bench and granted plaintiff's oral motion under Federal Rule of Civil Procedure 50 for judgment as a matter of law on the issue of liability.[2]  Therefore, by operation of the Court's ruling on plaintiff's Rule 50 motion, the only question that remained for the jury was that of damages.

At the close of evidence, defendant also advanced a motion, in two parts, under Rule 50(a).  *See* Tr., Vol. 2 [Docket No. 100] at 69-70.  The first part dealt with the actual damages plaintiff could seek; the Court granted defendant's motion in that regard.  Tr., Vol. 2 at 71-72.  Defendant presented the second part of the motion as follows:

---

[1] Furthermore, although Congress enacted the ECOA in large part to stem discrimination in credit transactions based on sex or marital status, *see* Pub. L. No. 93-495, 88 Stat. 1500 § 502 (1974), defendant did not raise – before, during, or after the trial – the issue of whether defendant discriminated against plaintiff at any time. Instead, as discussed above, while defendant did not stipulate that it provided inadequate notice under the ECOA, defendant did not otherwise contest its liability. Therefore, to the extent that the ECOA requires that a creditor's acts must be discriminatory, *see* 15 U.S.C. § 1691(a) (2006); *Rowe v. Union Planters Bank of Se. Mo.*, 289 F.3d 533, 535 (8th Cir. 2002); *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1335 (11th Cir. 2000), defendant has waived the issue.  *Cf. United States v. Mitchell*, 518 F.3d 740, 749 (10th Cir. 2008) ("Ours is an adversarial system of justice. The presumption, therefore, is to hold the parties responsible for raising their own defenses.").

[2] The Court denied a similar motion by plaintiff made at the close of her case in chief.

> [T]he Equal Credit Opportunity Act, the statute itself, as well as the case law interpreting it require a couple of elements that have not been satisfied by plaintiff, and this is why the Rule 50 motion should properly be granted for defendant. There has been no evidence and certainly not a sufficient quantum of evidence that shows a reckless disregard of the plaintiff's right in this case. Second component of that is some intentional volitional conduct. Again, the record is bereft of any evidence that would show this defendant engaged in that kind of conduct that would give rise to punitive damages; therefore, punitive damages should be stricken and this instruction should be withdrawn.

Tr., Vol. 2 at 71 l.21 – 72 l.4. The Court denied this portion of the motion, finding that a reasonable jury had a sufficient basis to find that defendant acted with reckless disregard for plaintiff's rights. Tr., Vol. 2 at 72.

Following a final jury instruction conference at which the parties were given the opportunity to record any formal objections to the finalized jury instructions, the Court provided each juror with a copy of the jury instructions and then read the instructions aloud in open court. Within the set of instructions, two are particularly relevant to the present motion. First, the Court provided a general cautionary instruction (Jury Instruction No. 12) informing the jury that

> [g]iven that the defendant violated the Equal Credit Opportunity Act, you may award damages to the plaintiff. Damages are not to be presumed in this case. Therefore, even though the defendant is liable under the Act, you need not necessarily find that plaintiff is entitled to damages. Plaintiff must prove damages by a preponderance of the evidence.

*See* Minute Entry [Docket No. 92], ex. 2 (Jury Instructions) at 17.[3]

The Court then addressed actual damages in Jury Instruction No. 13, followed by Jury Instruction No. 14 on the issue of punitive damages:

---

[3] The Court also used this instruction to explain the burden of proof and the evidence that could be considered, neither of which has been challenged by defendant.

4

> The defendant's violation of the Equal Credit Opportunity Act permits you to award punitive damages to the plaintiff. The Act does not require you to do so. Punitive damages may be awarded even if plaintiff has not proven any actual damages.
>
> The purpose of punitive damages is not to compensate the plaintiff, but rather to punish defendant and to deter the defendant and others from committing such acts in the future.
>
> Punitive damages may be awarded under the ECOA if the defendant acted in reckless disregard of the requirements of the statute. An act is done with "reckless disregard" if it is done with conscious indifference to the consequences of the act.
>
> In determining the amount of such damages, you must consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the defendant, the resources of the defendant, the number of persons adversely affected, and the extent to which the defendant's failure of compliance was intentional.
>
> If you decide to award punitive damages, the Act limits any punitive damage award to plaintiff to a maximum of $10,000.00.

*See* Minute Entry [Docket No. 92], ex. 2 (Jury Instructions) at 14.

Neither party made an objection to these instructions when they were presented during the final jury instruction conference. *See* Tr., Vol. 2 at 79-80; *see also* Fed. R. Civ. P. 51(c). As a result, they have waived any challenge to the substance of the instructions. *See Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1179 (10th Cir. 2005).

Following deliberations, the jury returned its verdict on the question of damages by completing the verdict form provided by the Court. The parties initially proposed that the jury be given two verdict forms, one which provided blanks for actual and punitive damages awarded to plaintiff and one which stated, "We, the jury, find for the Defendant Kids' Financial Inc. and against Plaintiff Hope Schwab and award no damages." In the

5

interest of clarity, the Court edited and consolidated the jointly proffered verdict forms into a single form which read, in its entirety:

> We, the jury, award actual damages of $_____ and award punitive damages of $_____ to Plaintiff Hope Schwab and against Defendant Kids' Financial Inc.

*See* Minute Entry [Docket No. 92], ex. 3 (Verdict Form (redacted to remove foreperson signature)) at 1.

During the final jury instruction conference, defendant objected to the omission of the separate language allowing the jury to affirmatively mark in favor of the defendant.[4] The Court overruled the objection because the jury instructions made it clear that the jury did not have to award damages, defendant's proposed language threatened to confuse the jury, and defendant could argue in closing that the jury should enter a zero in the blanks provided. In fact, the defendant repeatedly asked the jury in its closing argument to award no damages to the plaintiff and to place a zero in both blank spaces on the verdict form. *See*, *e.g.*, Tr., Vol. 2 at 125, 128, 129, 130. Ultimately, the jury completed the verdict form by placing a "0" in the blank for actual damages and "4,177.87" in the blank for punitive damages.[5]

---

[4] As counsel for defendant put it: "As it's currently drafted, the inference the jury can draw is that – in fact the only inference the jury can draw is they have to award damages." Tr., Vol. 2 at 84.

[5] Based on the parties' jointly proffered verdict forms [Docket No. 88], the parties' individually proposed jury instructions [Docket Nos. 65 at 18, 83 at 4], and the jury instruction conference, the Court submitted both the question of the propriety and the amount of actual and punitive damages to the jury. Although § 1691e(b)'s discussion of punitive damages states that "[i]n determining the amount of such damages in any action, *the court* shall consider" various factors, *see* 15 U.S.C. § 1691e(b) (2006), the parties, by their presentation to the Court, waived this right and instead indicated their desire to submit the question to the jury. Furthermore, the issue is somewhat

On February 6, 2009, the Court issued a final order in the case, incorporating the jury decision and ordering judgment to enter in plaintiff's favor in the amount of $4,177.87 in punitive damages. Judgment entered on February 9, 2009 [Docket No. 95]. On February 19, 2009, within the requisite ten days, *see* Fed. R. Civ. P. 50(b) & (d), defendant filed the instant renewed motion for judgment as a matter of law. The motion seeks a new trial based upon the contentions that insufficient evidence existed to present the punitive damage question to the jury and that the verdict form confused the jury into believing that they were required to award punitive damages.

## II. ANALYSIS

### A. Legal Standard – Judgment as a Matter of Law

Federal Rule of Civil Procedure 50 provides that judgment as a matter of law is appropriate where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Although courts are to *review* all of the evidence, there are limits as to what evidence they can *consider*. For example, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves*,

---

complicated if, as some of the case law indicates, the Seventh Amendment of the United States Constitution requires a jury trial under the ECOA. *See Vander Missen v. Kellogg-Citizens Nat. Bank of Greenbay*, 83 F.R.D. 206, 208 (E.D. Wis. 1979). However, I do not consider the question further because the parties' actions and subsequent lack of objection likely waives the issue altogether. *See Royal Maccabees*, 393 F.3d at 1179.

530 U.S. at 150.  Moreover, the Court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves*, 530 U.S. at 151.  In other words, "the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Reeves*, 530 U.S. at 151 (internal quotation marks omitted).

Where a party properly moves for judgment as a matter of law prior to the case being submitted to the jury, that party may renew the motion after the jury returns its verdict.  *See* Fed. R. Civ. P. 50(a)(2) & (b); *Atchley v. Nordam Group, Inc.*, 180 F.3d 1143, 1147-48 (10th Cir. 1999).  However, the Court is advised to grant such relief "only where the proof is all one way or so overwhelmingly preponderant in favor of the movant so as to permit no other rational conclusion." *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1045 (10th Cir. 1993).

The Court applies the same legal standard for a renewed motion under Rule 50(b) as is applied to the original motion for judgment as a matter of law under Rule 50(a).  *See, e.g.*, *Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1269-70 (10th Cir. 2008).  However, there is an added limitation in that generally "[t]he renewed motion under Rule 50(b) cannot assert grounds for relief not asserted in the original motion." *Marshall v. Columbia Lea Reg'l Hosp.*, 474 F.3d 733, 739-40 (10th Cir. 2007).

## B.  Punitive Damages Under the Equal Credit Opportunity Act

Section 1691e of Title 15 discusses the civil liability of one who violates the substantive provisions of the ECOA.  In discussing punitive damages, the section states:

> Any creditor, other than a government or governmental subdivision or agency, who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for punitive damages in an amount not greater than $10,000, in addition to any actual damages provided in subsection (a) of this section, except that in the case of a class action the total recovery under this subsection shall not exceed the lesser of $500,000 or 1 per centum of the net worth of the creditor. In determining the amount of such damages in any action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional.

15 U.S.C. § 1691e(b) (2006).

Because the ECOA specifically contemplates punitive damages and provides factors for consideration in that regard, cases assessing punitive damages under the ECOA depart somewhat from the general standard in civil rights cases.  Rather than insisting that the creditor's state of mind reach malice, wantonness, wilfulness, oppressiveness or some similar standard, § 1691e(b)'s mention of "the extent to which the creditor's failure of compliance was intentional" has led several courts to require only a "reckless disregard" for the requirements of the law.  *See Fischl v. Gen. Motors Acceptance Corp.*, 708 F.2d 143, 148 (5th Cir. 1983); *Anderson v. United Fin. Co.*, 666 F.2d 1274, 1278 (9th Cir. 1982); *Sayers v. Gen. Motors Acceptance Corp.*, 522 F. Supp. 835, 841-42 (W.D. Mo. 1981); *Shuman v. Standard Oil Co. of Cal.*, 453 F. Supp. 1150, 1154-55 (N.D. Cal. 1978).  *Compare Jackson v. Pool Mortgage Co.*, 868 F.2d 1178,

1181 (10th Cir. 1989) ("In the Tenth Circuit, the standard for punitive damages for discrimination in violation of federal civil rights is that the discrimination must have been 'malicious, willful, and in gross disregard of plaintiff's rights.'" (internal alteration marks omitted)).

In sum, courts have determined that punitive damages are appropriate under the ECOA where either: (1) the creditor's conduct is adjudged wanton, malicious or oppressive, or (2) the creditor is deemed to have acted in reckless disregard of the applicable law. *Fischl*, 708 F.2d at 148.

It also has been noted that the "reckless disregard" standard acts as a threshold requirement. *See Shuman*, 453 F. Supp. at 1155. Therefore, if it is shown that a defendant had reckless disregard for the requirements of the ECOA, then there is no need to show that a creditor acted maliciously, wantonly, or oppressively. *Sayers*, 522 F. Supp. at 841-42. Indeed, because plaintiff in the present case did not ultimately assert that defendant acted maliciously, willfully, or oppressively, and instead relied on the argument that defendant acted with reckless disregard for plaintiff's rights, the instruction only incorporated the reckless disregard standard.

According to the case law, the "reckless disregard" standard also eliminates the need to show for the purpose of punitive damages that the creditor had the specific intent to discriminate on unlawful grounds. *See Anderson*, 666 F.2d at 1278 (citing *Shuman*, 453 F. Supp. at 1155); *Vander Missen v. Kellogg-Citizens Nat. Bank of Greenbay*, 481 F. Supp. 742, 745 (E.D. Wis. 1979). This rule, in combination with defendant's waiver of the discrimination issue under the liability portion of the case, eliminates any need for plaintiff to establish discriminatory intent in order to collect

punitive damages. Instead all that needs to be established is that defendant acted with reckless disregard for the substantive requirements – e.g., specific notice – of the ECOA. To act with "reckless disregard," in turn, means that defendant acted with conscious indifference to the consequences of the act. *See* Black's Law Dictionary 506 (8th ed. 2004).

Under the present procedural posture, defendant will prevail on its renewed motion under Rule 50 only if the evidence favoring the plaintiff and the evidence supporting the defendant that is uncontradicted, unimpeached, and from disinterested witnesses fails to provide a reasonable jury with a legally sufficient evidentiary basis to find that defendant acted with reckless disregard for the requirements of the ECOA.

### C.  Defendant's Rule 50 Motion on Sufficiency of Evidence

The language of defendant's original oral motion under Rule 50(a) was somewhat vague, arguing that "the record is bereft of any evidence that would show this defendant engaged in that kind of conduct that would give rise to punitive damages." However, it essentially asserted that there was insufficient evidence supporting the proposition that defendant acted with reckless disregard for the requirements of the ECOA.

In its renewed motion for judgment as a matter of law, defendant argues that "glaringly absent from the record was evidence of intentional conduct on the part of Defendant, which would provide the basis for a punitive damages award." Renewed Mot. for J. as Matter of Law ¶ 2. Defendant also asserts that "there is no connection between the violation of the notice requirements of the Equal Credit Opportunity Act and the punitive damages awarded by the jury." Renewed Mot. for J. as Matter of Law ¶ 2.

Based on these alleged deficiencies, defendant seeks a new trial on the question of damages pursuant to Federal Rule of Civil Procedure 50(b)(3). Renewed Mot. for J. as Matter of Law ¶ 3.

Turning to defendant's argument regarding the sufficiency of the evidence regarding defendant's intent as it pertains to the finding for punitive damages, I hold that the jury did have a legally sufficient basis for its finding. As plaintiff notes in her response to defendant's renewed motion for judgment as a matter of law, "Phil Harris, president of Kids' Finance Inc., testified to knowing that the ECOA mandated that when a creditor turns down an applicant, the creditor must give the applicant truthful, specific, written reasons why credit was denied." Pl.'s Resp. to Def.'s Mot. for J. as a Matter of Law and Mot. for New Trial [Docket No. 106] ("Pl.'s Resp.") at 4 (citing Pl.'s Resp., ex. 1 at 40). Furthermore, Angela Bassett, defendant's employee who apparently filled out the written notice sent to the plaintiff, admitted that the notice did not offer a specific reason pursuant to the requirements of the ECOA. *See* Pl.'s Resp., ex. 2 at 17-18. An additional fact that supports plaintiff's position that defendant acted with reckless disregard for the plaintiff's rights under ECOA is the fact that Ms. Bassett testified that the reason she sent the deficient notice in question was to get plaintiff to come back into the car dealership and perhaps purchase another car. *See* Pl.'s Resp., ex. 2. at 18. Although this fact could reasonably indicate defendant's reckless disregard for the requirements of the ECOA or a good faith attempt at reconciling problems, the Court is not permitted to second-guess the jury's ultimate decision. Because defendant's motion asserts a lack of evidence rather than suggesting countervailing facts which the Court

Case 1:06-cv-01793-PAB-KLM   Document 113   Filed 08/12/09   USDC Colorado   Page 13 of 16

must consider,[6] the facts discussed here are sufficient to support a reasonable jury's conclusion that defendant acted with reckless disregard for plaintiff's rights under the ECOA. Therefore, judgment as a matter of law in favor of defendant is not appropriate based on the argument that there was insufficient evidence regarding defendant's intent.

Defendant's second assertion in its renewed motion for judgment as a matter of law – that "there is no connection between the violation of the notice requirements of the Equal Credit Opportunity Act and the punitive damages awarded by the jury" – is similarly unavailing. Such a broad challenge to the jury's verdict in the renewed motion does not coincide with defendant's narrow challenge regarding the evidence of intent in its original motion for judgment as a matter of law. As the Tenth Circuit has explained, "merely moving for directed verdict is not sufficient to preserve any and all issues that could have been, but were not raised in the directed verdict motion."[7] *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1229 (10th Cir. 2000).

However, the court in *United International Holdings* also stated that "[i]n considering whether the grounds of a motion for directed verdict were stated with sufficient specificity, we liberally construe Rule 50 in light of its purpose to secure a just, speedy, and inexpensive determination of a case." 210 F.3d at 1228 (internal quotation

---

[6] If defendant did rely on contrary facts, it would be required by Rule 50(a)(2) to specify those facts in its motion.

[7] It is not clear to what extent plaintiff's failure to raise this issue acts as a waiver of the requirement. *Compare Marshall v. Columbia Lea Reg'l Hosp.*, 474 F.3d 733, 739 (10th Cir. 2007) (opposing party waived objection), *with United Int'l Holdings, Inc.*, 210 F.3d 1228-29 (applying requirement even though there was no indication that the opposing party raised the issue).

13

marks omitted).  Expounding on that point, the court noted that "[a] rigid application of the rule is in order only if such application serves either of the rule's rationales – protecting the right to trial by jury or ensuring an opposing party has sufficient notice of an alleged error so that it may be cured before the party rests its case."  *United Int'l Holdings, Inc.*, 210 F.3d 1228-29.

I find that the rationales behind Rule 50, particularly the latter one, are relevant to the present case.  However, even without a rigid application of the "specific grounds" requirement, defendant's broad-based objection in its renewed motion lacks even a loose correlation with the original motion.  Where a party first submits an issue to the district court in a post-trial motion, the court "may review its argument only to determine if there is any evidence to support the damage award."  *United Int'l Holdings*, 210 F.3d at 1229.  In the present case, the evidence already discussed as well as evidence regarding defendant's business model and treatment of the plaintiff support the punitive damage award.

Additionally, "[w]hile Rule 50 does not require technical precision in stating the grounds of the motion, it does require that they be stated with sufficient certainty to apprise the court and opposing counsel of the movant's position with respect to the motion."  *United Int'l Holdings, Inc.*, 210 F.3d 1229 (internal quotation marks and alteration marks omitted).  Plaintiff's motion for judgment as a matter of law at the close of evidence did not apprise the Court or plaintiff of the present scope of its motion.  As a result, Rule 50's purposes of providing a just, speedy, and inexpensive determination of the case and allowing the opposing party to correct the identified deficiencies would be seriously undermined by allowing defendant to make such a seemingly broad-based

challenge at this point. Therefore, defendant's second asserted basis for judgment as a matter of law in its renewed motion is properly denied.

### D.  Defendant's Motion Regarding the Verdict Form

Defendant also requests that a new trial be ordered pursuant to Rule 50(c)(1) because it believes that the verdict form confused and misled the jury into thinking that they were required to provide some level of punitive damages to the plaintiff. This portion of defendant's motion is deficient for several reasons and thus a new trial is not appropriate on this basis either.

Defendant failed to raise any semblance of this issue in the original motion for judgment as a matter of law under Rule 50(a). Therefore, once again defendant is not permitted to raise the issue for the first time in a renewed motion. *See United Int'l Holdings*, 210 F.3d at 1228. Furthermore, this is not an evidentiary issue, nor one which properly lends itself to a judgment as a matter of law under the Rule 50 standard:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). Defendant fails to explain how the language of Rule 50 can accommodate its argument about the propriety of the wording of a verdict form.[8]

---

[8] Federal Rule of Civil Procedure 59 appears to be the more appropriate mechanism by which a party in defendant's position may seek a new trial. *See* Fed. R. Civ. P. 59(a)(1) & (b). However, defendant is clear that it only seeks relief under Rule 50. It has not filed, as Rule 50(b) permits, a concurrent motion under Rule 59 within the ten days allowed after entry of judgment. Therefore, the Court does not analyze the

I also note that defendant's renewed motion for judgment as a matter of law fails to meet the requirements set by the Rule: "The motion must specify the judgment sought and the *law* and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2) (emphasis added).  Defendant's motion fails to cite a single case or other legal authority in support of its position that it is entitled to judgment as a matter of law and a new trial under Rule 50 due to the allegedly defective jury verdict form.

### III.  CONCLUSION

For the reasons discussed above, defendant is not entitled to a judgment as a matter of law on the issue of sufficiency of the evidence in support of punitive damages. Therefore, defendant also is not entitled to a new trial under Rule 50(b)(3). Furthermore, because Rule 50 is not the appropriate mechanism for affording the defendant relief regarding the verdict form, defendant is not entitled to judgment as a matter of law or a new trial on that basis either.  Accordingly, it is

**ORDERED** that defendant's renewed motion for judgment as a matter of law and for a new trial [Docket No. 98] is DENIED.

DATED August 12, 2009.

                 BY THE COURT:

                 s/ Philip A. Brimmer
                 PHILIP A. BRIMMER
                 United States District Judge

---

present motion under Rule 59.